UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BENJAMIN SAVAGE ORNES,

               Plaintiff,

v.                                        Case No. 3:25-cv-32-MMH-LLL

HUMPHRIES and LEE,

               Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Benjamin Savage Ornes, a pretrial detainee at the Suwannee County Jail, is proceeding on a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1; Complaint) filed on January 17, 2025. He also filed a request to proceed as a pauper (Doc. 2).

In the Complaint, Ornes contends that Defendants Humphries and Lee "rattle[d] [his] cell door during count" on five occasions (October 3, 2024 at 6pm and 10pm; October 17, 2024 at 12am; December 12, 2024 at 10pm; and January 8, 2025 at 10pm). Complaint at 4, 6. He explains:

> This has been [an] issue going back as far as October 2024. I have submitted multiple grievances for this one simple issue to no avail. Lt. Walker responded to my grievance stating the officers are only supposed to lightly tug on the door handle to check that it is not faux locked. The officers go out of their way to harass me. Other detainees have witnessed my claim and

> agree that it is harassment. The rattling and shaking
> cause a loud noise similar to dropping a heavy
> textbook which disturbs my sleep and causes my heart
> to start racing. It is very rude, annoying and
> harassment.

Id. at 5. He seeks an injunction ordering "them to stop rattling the door during count." Id. at 6.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. <u>Jackson v. BellSouth Telecomm.</u>, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a

claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Twombly</u>, 550 U.S. at 555 (alternation and internal quotations omitted); <u>see also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." <u>Iqbal</u>, 556 U.S. at 678, 679. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Ornes's pro se allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972);

Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Here, Ornes's Complaint is due to be dismissed under this Court's screening obligation. The Court notes that Ornes checked the "official capacity" box under each Defendant's name in the Complaint. See Complaint at 2. A suit against a public official in his official capacity is treated as a suit against the local government entity he represents, in this case, Suwannee County. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). "The 'touchstone of [a] § 1983 action against a government body is an allegation that official policy is responsible for a

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

deprivation of civil rights protected by the Constitution.'" Hoefling v. City of Miami, 811 F.3d 1271, 1280 (11th Cir. 2016) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). Ornes does not allege that a custom, policy, or practice of Suwannee County was the "moving force" behind any alleged constitutional violation. Monell, 436 U.S. at 693-94 (concluding that municipal liability under § 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation). Therefore, any official capacity claims are due to be dismissed.

Ornes's allegations seem to reflect that he intends to sue each Defendant in his individual capacity, because he complains only about Defendants' individual actions in rattling his cell door during count procedures. Because Ornes is a pretrial detainee, his claim is governed by the Due Process Clause of the Fourteenth Amendment. But "the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1574 (11th Cir. 1985). Ornes fails to allege facts suggesting that the rattling of his cell door "objectively exposes [him] to a substantial risk of serious harm," or that Defendants "had a sufficiently culpable state of mind." Christmas v. Nabors, 76 F.4th 1320, 1331 (11th Cir. 2023) (internal quotation marks and citations

omitted). Thus, he fails to state a Fourteenth Amendment conditions of confinement claim.

In light of the foregoing, this case will be dismissed without prejudice for Ornes's failure to state a claim. If Ornes believes he can allege sufficient factual allegations to state a claim under 42 U.S.C. § 1983, he may use the enclosed form to file a new case. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

Accordingly, it is

**ORDERED**:

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.      The **Clerk of Court** shall send Ornes a civil rights complaint form and an application to proceed in forma pauperis (prisoner filings) form. If Ornes chooses to refile his claims, he may complete and file the appropriate forms. He should not include this case number on any form, as the Clerk will assign a new case number upon receipt. In initiating such a case, Ornes should

either file a fully completed application to proceed in forma pauperis or pay the

$405 filing fee.

      **DONE AND ORDERED** at Jacksonville, Florida, this 7th day of April,

2025.

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 4/2
c:
Benjamin Savage Ornes

8